IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JESSE BROWN, | : |
| Plaintiff, | : |
| vs. | : |
| BRIAN OWENS, *Commissioner, Department of Corrections*; SHIRLEY BALOCK; DONNIE SPIRLEY; JUITH HAMILTON, *M/H Counselor, ASMP*; TAYLOR, *Counselor, VSP*; and STABLTEN, C*ounselor, VSP*, | : CASE NO. 7:14-CV-170-HL-TQL<br><br>: PROCEEDINGS UNDER 42 U.S.C. § 1983<br>: |
| Defendants. | : |

## **O R D E R**

Plaintiff Jesse Brown, a prisoner who is incarcerated at Valdosta State Prison in Valdosta, Georgia, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. As discussed below, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. His motion to proceed *in forma pauperis* (ECF No. 2) is therefore denied, and this action is dismissed without prejudice.

## ANALYSIS

Under the "three strikes rule" of the Prison Litigation Reform Act, a prisoner may not bring a civil action *in forma pauperis* if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed" because it was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Before Plaintiff filed this action, he filed several lawsuits in the Middle District of Georgia and the Southern District of Georgia. Three of those lawsuits were dismissed because they were

frivolous or failed to state a claim—circumstances that constitute "strikes" for purposes of § 1915(g).  *See, e.g.,* Order Dismissing Compl., *Brown v. Abbott*, ECF No. 22 in 4:03-CV-108 (S.D. Ga. June 1, 2004); Order Dismissing Compl., *Brown v. Nix*, ECF No. 7 in 7:03-CV-98 (M.D. Ga. Nov. 20, 2003); Order Dismissing Compl., *Brown v. Fletcher*, ECF No. 36 in 5:02-cv-7 (M.D. Ga. June 10, 2002).  And at least one of Plaintiff's prior complaints was dismissed under the three strikes rule.  Order Dismissing Compl., *Brown v. Ezell*, ECF Nos. 4 & 6 in 4:06-cv-121 (M.D. Ga. Nov. 2, 2006).

Because Plaintiff has at least three strikes, he cannot proceed *in forma pauperis* in this action unless he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  To qualify for that exception, Plaintiff must show that he was in imminent danger of serious physical injury when he filed his complaint.  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).  An allegation that Plaintiff "faced imminent danger sometime in the past" is not enough.  *Id.*  Here, Plaintiff summarily alleges that he is in danger because he remains in prison even though he believes that his "court order sentence . . . expired."  Compl. ¶ 10, ECF No. 1.  Plaintiff did not, however, allege that he was in imminent danger of serious physical injury when he filed this action.  Plaintiff is thus not entitled to proceed under the imminent danger exception to § 1915(g).

## CONCLUSION

As discussed above, Plaintiff may not proceed *in forma pauperis* in this action, so his motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.  This action is **DISMISSED WITHOUT PREJUDICE**.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (concluding "that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three

strikes provision of § 1915(g)"). Plaintiff's Motion for Summary Judgment (ECF No. 5), Motion to Amend Complaint to Add Warden Mark Allen as a Party (ECF No. 6), Motion for Order for Clerk to Serve First Set of Admissions (ECF No. 7), and Motion to Amend Memorandum Of Law in Support of Motion for Summary Judgment (ECF No. 9) are **DENIED AS MOOT**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee.

**SO ORDERED**, this 5th day of December, 2014.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

lws