IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JESSE BROWN, : | |
| Plaintiff, : | |
| vs. : | |
| BRIAN OWENS, *Commissioner, Department of Corrections*; SHIRLEY BALOCK; DONNIE SPIRLEY; JUITH HAMILTON, *M/H Counselor, ASMP*; TAYLOR, *Counselor, VSP*; and STABLTEN, C*ounselor, VSP*, : : : | CASE NO. 7:14-CV-170-HL-TQL  PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. : | |

## ORDER

The Court previously dismissed Plaintiff Jesse Brown's Section 1983 complaint under the "three strikes" provision of the Prison Litigation Reform Act, codified at 28 U.S.C. § 1915(g). Order, Dec. 5, 2014, ECF No. 10. Plaintiff seeks reconsideration of that Order.

Reconsideration of the Court's order "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, No. 5:08-cv-246 (CAR), 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010). Plaintiff does not assert that there was an intervening change in the law or that he has discovered new evidence, so the Court presumes that he is arguing that the Court made a clear error of law or fact. However, Plaintiff fails to cite any support for his motion. He simply moves the court to reopen his case. Mot. for Reconsid. 1, ECF No. 17. This Court fails to find that its ruling in this case was clearly erroneous. Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 12th day of January, 2015.

> *s/ Hugh Lawson*
> HUGH LAWSON, SENIOR JUDGE

lws